131 F.3d 148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul John SCHNEIDER, Plaintiff-Appellant,
and
Arthur Ruffo, Plaintiff,
v.
James ROWLAND; Daniels, Mr.; D. Dawson; G. Diggs; J.
Schievelbein; Robert G. Borg; Dave Escoto,
Defendants-Appellees.
 No. 95-16633.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997.**
Decided Nov. 19, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-89-01473-GGH; Gregory G. Hollows, Magistrate Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner Paul John Schneider appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action which challenged conditions of confinement relating to his exercise periods. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Prior to trial of Schneider's section 1983 action, the district court received from prison authorities affidavits, documents and physical evidence of a conspiracy. Based on this evidence, the district court concluded that Schneider and others conspired to use the trial in Sacramento as a cover for a planned violent escape from custody. The district court further concluded that Schneider conspired to murder a fellow prisoner and to smuggle marijuana into prison under cover of bogus legal mail. As a sanction, the district court dismissed Schneider's section 1983 action with prejudice.
 
 
 4
 We review sanctions imposed by a district court for abuse of discretion and will not reverse absent a definite and firm conviction that the district court made a clear error of judgment. See Halaco Engineering Co. v. Costle, 843 F.2d 376, 379 (9th Cir.1988). In order to dismiss under its inherent power, the "district court must determine (1) the existence of certain extraordinary circumstances, (2) the presence of willfulness, bad faith, or fault by the offending party, (3) the efficacy of lesser sanctions, (4) the relationship or nexus between the misconduct drawing the dismissal sanction and the matters in controversy in the case, and finally, as optional considerations where appropriate, (5) the prejudice to the party victim of the misconduct, and (6) the government interests at stake." Id.
 
 
 5
 The district court did not abuse its discretion by dismissing Schneider's section 1983 action as a sanction for the use of prison library privileges pursuant to court supervision to further a murder conspiracy. See id.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3